**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MULTI-FORMAT, INC., )<br>)<br>Plaintiff/Counterdefendant, )<br>)<br>v. )<br>)<br>MOTOROLA MOBILITY, INC.; TIVO )<br>INC.; HEWLETT-PACKARD CO.; and )<br>DELL, INC., )<br>)<br>Defendants/Counterplaintiffs. )<br>) | Civil Action No. 1:11-cv-05145<br><br>Honorable Robert M. Dow, Jr. |

**TIVO'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant TiVo Inc. ("TiVo"), by its attorneys and for its Answer, Affirmative Defenses, and Counterclaims to the Complaint of plaintiff Multi-Format, Inc. ("Multi-Format"), hereby states as follows:

**ANSWER**

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 *et seq*. This Court has exclusive original jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**

TiVo admits that the Complaint purports to state a cause of action for patent infringement pursuant to Title 35 of the United States Code § 1 *et seq*. TiVo specifically denies committing, or having committed, any act of infringement of U.S. Patent No. RE 38,079 E (the "'079 patent"). TiVo admits this Court has original jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, TiVo denies any and all remaining allegations contained in Paragraph 1.

2. Venue is proper under 28 U.S.C. §§ 1391 and 1400(b) because Defendants are subject to personal jurisdiction, do business in this judicial district, and have committed acts of infringement in this judicial district.

**ANSWER:**

Paragraph 2 contains legal conclusions to which no answer is required. To the extent an answer is required, TiVo admits that Paragraph 2 alleges that venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) and TiVo does not challenge, for purposes of this action only, that it is subject to personal jurisdiction in this district and that its products are sold in this district. TiVo specifically denies committing, or having committed, any act of infringement of the '079 patent. Except as expressly admitted, TiVo denies any and all remaining allegations contained in Paragraph 2.

3. Multi-Format, Inc. is a New Jersey corporation with its principal place of business at 100 Industrial Avenue, Little Ferry, NJ 07643.

**ANSWER:**

TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and on that basis denies each and every such allegation.

4. Motorola Mobility, Inc. ("Motorola") is a Delaware corporation with a principal place of business at 600 N. U.S. Highway 45 Libertyville, Illinois 60048. Motorola is authorized to do business in the State of Illinois and has appointed CT Corporation System at 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604 as its registered agent.

**ANSWER:**

TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and on that basis denies each and every such allegation.

5. TiVo, Inc. ("TiVo") is a Delaware corporation with a principal place of business at 2160 Gold Street, Alviso, California 95002. TiVo is authorized to do business in the State of Illinois and has appointed Illinois Corporation Service at 801 Adlai Stevenson Drive, Springfield, Illinois 62703 as its registered agent. TiVo designs, develops, offers for sale, and sells nationwide, including substantial business in this judicial district, products that are covered by independent method claim 20 of U.S. Patent No. RE 38,079 E, including digital video recorders such as TiVo Premiere and TiVo Premiere XL.

**ANSWER:**

TiVo admits that it is a Delaware corporation with a principal place of business at 2160 Gold Street, Alviso, California 95002. TiVo admits that it is authorized to do business in the State of Illinois and has appointed Illinois Corporation Service at 801 Adlai Stevenson Drive, Springfield, Illinois 62703 as its registered agent. TiVo specifically denies committing, or having committed, any act of infringement of the '079 patent. Except as expressly admitted, TiVo denies any and all remaining allegations contained in Paragraph 5.

6. Hewlett-Packard Company ("HP") is a Delaware corporation having a principal place of business at 3000 Hanover Street, Palo Alto, California 94304. HP designs, develops, offers for sale, and sells nationwide, including substantial business in this judicial district, products that are covered by independent method claim 20 of U.S. Patent No. RE 38,079 E, including smartphones and tablets such as the TouchPad Wi-Fi 32GB, the TouchPad Wi-Fi 16GB, the , the Veer, the Pre 2, and the Pre 2 GSM.

**ANSWER:**

TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and on that basis denies each and every such allegation.

7. Dell, Inc. ("Dell") is a Delaware corporation having a principal place of business at One Dell Way, Round Rock, Texas 78682. Dell designs, develops, offers for sale, and sells nationwide, including substantial business in this judicial district, products that are covered by independent method claim 20 of U.S. Patent No. RE 38,079 E, including smartphones and tablets such as the Streak 5, the Streak 7, the Venue Android, and the Venue Pro.

**ANSWER:**

TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and on that basis denies each and every such allegation.

8. Multi-Format owns all right, title, and interest in and has standing to sue for damages for any past, present and future infringement of U.S. Patent No. RE 38,079 E entitled "Multi-Format Audio/Video Production System" ("the '079 Patent"). The '079 Patent reissued on April 15, 2003. A true and correct copy of the '079 Patent is attached as Exhibit A.

**ANSWER:**

TiVo admits that Exhibit A purports to be a copy of the '079 patent. TiVo admits that Exhibit A recites on its face an issue date of April 15, 2003. Except as expressly admitted, TiVo denies any and all remaining allegations contained in Paragraph 8.

9. Upon information and belief, Motorola has made, used, offered for sale, and/or imported products which process video programs in accordance with the inventive aspects of the '079 Patent, including, but not limited to smartphones such as the Droid X, the Droid 3, the Droid X2, the XPRT, the Titanium, the Atrix 4gG, the CLIQ 2, the Droid 2 Global, the Droid Pro, the BRAVO, the DEFY, the Milestone X, tablets such as the XOOM, and digital video recorders such as the Motorola DCH6416 ("the Motorola Devices"). These acts by Motorola have directly infringed at least independent method claim 20 of the '079 Patent within the meaning of 35 U.S.C. §271(a).

**ANSWER:**

TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and on that basis denies each and every such allegation.

10. Upon information and belief, Motorola has also committed, and unless ceased upon filing of this Complaint, will continue to commit acts that constitute, with its knowledge of the '079 Patent, knowing and intentional inducement of infringement of at least independent method claim 20 of the '079 Patent by others within the meaning of 35 U.S.C. §271(b) through, among other things, its acts of providing video processing capabilities in accordance with the inventive aspects of the '079 Patent through at least the Motorola Devices, and demonstrating and instructing users of the Motorola Devices how to utilize the video processing capabilities through, for example, user guides or manuals. Motorola has committed and will continue to commit, these acts with knowledge of the '079 Patent and with knowledge of infringement of these patents through the use of the Motorola Devices by Motorola and other users. Motorola has had this knowledge since, at the latest, July 28, 2011, when Multi-Format filed this Complaint. Users of the Motorola Devices, in turn, who have used such products directly infringe at least independent method claim 20 of the '079 Patent within the meaning of 35 U.S.C. §271(a) through the use and operation of the Motorola Devices.

**ANSWER:**

TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and on that basis denies each and every such allegation.

11. Motorola's direct infringement of and/or inducement to infringe the '079 Patent has injured Multi-Format, and Multi-Format is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:**

TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and on that basis denies each and every such allegation.

12. Upon information and belief, TiVo has made, used, offered for sale, and/or imported products which process video programs in accordance with the inventive aspects of the '079 Patent, including, but not limited to digital video recorders such as TiVo Premiere and TiVo Premiere XL ("the TiVo Devices"). These acts by TiVo have directly infringed at least independent method claim 20 of the '079 Patent within the meaning of 35 U.S.C. §271(a).

**ANSWER:**

TiVo denies the allegations contained in Paragraph 12.

13. Upon information and belief, TiVo has also committed, and unless ceased upon filing of this Complaint, will continue to commit acts that constitute, with its knowledge of the '079 Patent, knowing and intentional inducement of infringement of at least independent method claim 20 of the '079 Patent by others within the meaning of 35 U.S.C. §271(b) through, among other things, its acts of providing video processing capabilities in accordance with the inventive aspects of the '079 Patent through at least the TiVo Devices, and demonstrating and instructing users of the TiVo Devices how to utilize the video processing capabilities through, for example, user guides or manuals. TiVo has committed and will continue to commit, these acts with knowledge of the '079 Patent and with knowledge of infringement of these patents through the use of the TiVo Devices by TiVo and other users. TiVo has had this knowledge since, at the latest, July 28, 2011, when Multi-Format filed this Complaint. Users of the TiVo Devices, in turn, who have used such products directly infringe at least independent method claim 20 of the '079 Patent within the meaning of 35 U.S.C. §271(a) through the use and operation of the TiVo Devices.

**ANSWER:**

TiVo denies the allegations contained in Paragraph 13.

14. TiVo's direct infringement of and/or inducement to infringe the '079 Patent has injured Multi-Format, and Multi-Format is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:**

TiVo denies the allegations contained in Paragraph 14.

15. Upon information and belief, HP has made, used, offered for sale, and/or imported products which process video programs in accordance with the inventive aspects of the '079 Patent, including, but not limited to smartphones and tablets such as the TouchPad Wi-Fi 32GB, the TouchPad Wi-Fi 16GB, the Veer, the Pre 2, and the Pre 2 GSM ("the HP Devices"). These acts by HP have directly infringed at least independent method claim 20 of the '079 Patent within the meaning of 35 U.S.C. §271(a).

**ANSWER:**

TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and on that basis denies each and every such allegation.

16. Upon information and belief, HP has also committed, and unless ceased upon filing of this Complaint, will continue to commit acts that constitute, with its knowledge of the '079 Patent, knowing and intentional inducement of infringement of at least independent method claim 20 of the '079 Patent by others within the meaning of 35 U.S.C. §271(b) through, among other things, its acts of providing video processing capabilities in accordance with the inventive aspects of the '079 Patent through at least the HP Devices, and demonstrating and instructing users of the HP Devices how to utilize the video processing capabilities through, for example, user guides or manuals. HP has committed and will continue to commit, these acts with knowledge of the '079 Patent and with knowledge of infringement of these patents through the use of the HP Devices by HP and other users. HP has had this knowledge since, at the latest, July 28, 2011, when Multi-Format filed this Complaint. Users of the HP Devices, in turn, who have used such products directly infringe at least independent method claim 20 of the '079 Patent within the meaning of 35 U.S.C. §271(a) through the use and operation of the HP Devices.

**ANSWER:**

TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and on that basis denies each and every such allegation.

17. HP's direct infringement of and/or inducement to infringe the '079 Patent has injured Multi-Format, and Multi-Format is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:**

TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and on that basis denies each and every such allegation.

18. Upon information and belief, Dell has made, used, offered for sale, and/or imported products which process video programs in accordance with the inventive aspects of the '079 Patent, including, but not limited to smartphones and tablets such as the Streak 5, the Streak 7, the Venue Android, and the Venue Pro ("the Dell Devices"). These acts by Dell have directly infringed at least independent method claim 20 of the '079 Patent within the meaning of 35 U.S.C. §271(a).

**ANSWER:**

TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and on that basis denies each and every such allegation.

19. Upon information and belief, Dell has also committed, and unless ceased upon filing of this Complaint, will continue to commit acts that constitute, with its knowledge of the '079 Patent, knowing and intentional inducement of infringement of at least independent method claim 20 of the '079 Patent by others within the meaning of 35 U.S.C. §271(b) through, among other things, its acts of providing video processing capabilities in accordance with the inventive aspects of the '079 Patent through at least the Dell Devices, and demonstrating and instructing users of the Dell Devices how to utilize the video processing capabilities through, for example, user guides or manuals. Dell has committed and will continue to commit, these acts with knowledge of the '079 Patent and with knowledge of infringement of these patents through the use of the Dell Devices by Dell and other users. Dell has had this knowledge since, at the latest, July 28, 2011, when Multi-Format filed this Complaint. Users of the Dell Devices, in turn, who have used such products directly infringe at least independent method claim 20 of the '079 Patent within the meaning of 35 U.S.C. §271(a) through the use and operation of the Dell Devices.

**ANSWER:**

TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and on that basis denies each and every such allegation.

20. Dell's direct infringement of and/or inducement to infringe the '079 Patent has injured Multi-Format, and Multi-Format is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:**

TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, and on that basis denies each and every such allegation.

**RELIEF SOUGHT**

TiVo denies that Multi-Format is entitled to any relief whatsoever, including but not limited to the relief sought in the section of the Complaint entitled "Relief Sought." TiVo further denies that it engaged in any wrongdoing whatsoever, including the allegations contained in the Complaint. TiVo denies any and all remaining allegations in the section of the Complaint entitled "Relief Sought."

Accordingly, TiVo respectfully requests that judgment be entered in its favor and that it be awarded its attorneys' fees and costs as well as all other relief the Court may deem appropriate.

**AFFIRMATIVE DEFENSES**

TiVo's affirmative defenses to the Complaint are set forth below. By setting forth the following allegations and defenses, however, TiVo does not assume the burden of proof on matters and issues other than those on which TiVo has the burden of proof as a matter of law.

**FIRST AFFIRMATIVE DEFENSE**
(Non-Infringement)

TiVo is not committing, and has not committed, any act of infringement of any of the claims of the '079 patent, under any theory of infringement.

**SECOND AFFIRMATIVE DEFENSE**
(Invalidity)

The claims of the '079 patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE
(Prosecution History Estoppel)

Multi-Format's claims of patent infringement are barred by the doctrine of prosecution history estoppel.

### FOURTH AFFIRMATIVE DEFENSE
(Laches)

Multi-Format's claims of patent infringement against TiVo are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE
(Limitation on Damages)

Multi-Format is barred from recovering damages from TiVo for the time period prior to commencement of this suit due to lack of notice to TiVo of the patent-in-suit or Multi-Format's claim of infringement.

### SIXTH AFFIRMATIVE DEFENSE
(Failure to State a Claim for Inducement)

Multi-Format's Complaint fails to state a claim of inducement pursuant to 35 U.S.C. § 271(b).

### COUNTERCLAIMS

TiVo's counterclaims against plaintiff/counterdefendant Multi-Format are as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of these counterclaims under, without limitation, 28 U.S.C. §§ 1331 and 1338(a) and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*.

2. This Court has personal jurisdiction over Multi-Format by virtue of, *inter alia*, its having availed itself of the rights and benefits of Illinois law, having engaged in substantial and

9

continuing contacts with the state, and availing itself of this Court for purposes of litigating its patent disputes.

3. TiVo maintains its right to seek a transfer of venue on *forum non conveniens* grounds pursuant to 28 U.S.C. § 1404. In the event of such transfer, TiVo consents to the transfer of its counterclaims set forth herein. To the extent that this action remains in this district, venue is appropriate because Multi-Format has consented to the propriety of venue in this Court by filing its claims for patent infringement in this Court, in response to which these counterclaims are asserted.

### PARTIES

4. Defendant/counterplaintiff TiVo is a Delaware corporation with its principal place of business located at 2160 Gold Street, Alviso, CA 95002.

5. On information and belief, plaintiff/counterdefendant Multi-Format is a New Jersey corporation with its principal place of business at 100 Industrial Avenue, Little Ferry, NJ 07643.

### COUNT I
(Declaratory Relief: Non-Infringement)

6. TiVo restates and incorporates by reference each of the allegations of Paragraphs 1-5 of the counterclaims above, as if fully set forth herein.

7. An actual and justiciable controversy exists between Multi-Format and TiVo regarding TiVo's non-infringement of the '079 patent, as evidenced by Multi-Format's Complaint and TiVo's Answer.

8. TiVo is not committing, and has not committed, any act of infringement of any of the claims of the '079 patent, under any theory of infringement.

9. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, TiVo requests that this Court enter a judgment that TiVo is not committing, and has not committed, any act of infringement of any of the claims of the '079 patent, under any theory of infringement.

### **COUNT II**
(Declaratory Relief: Invalidity)

10. TiVo restates and incorporates by reference each of the allegations of Paragraphs 1-9 of the counterclaims above, as if fully set forth herein.

11. An actual and justiciable controversy exists between Multi-Format and TiVo regarding the validity of the '079 patent, as evidenced by Multi-Format's Complaint and TiVo's Answer.

12. The claims of the '079 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102, 103, and/or 112.

13. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, TiVo requests that this Court enter a judgment that the claims of the '079 patent are invalid pursuant to Title 35 of the United States Code, including without limitation pursuant to 35 U.S.C. §§ 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, TiVo prays that this Court enter judgment in its favor and grant the following relief:

A. Judgment against Multi-Format and in favor of TiVo;

B. An order that Multi-Format is not entitled to any relief, whether in law or equity or otherwise, from its suit against TiVo;

C. A declaration that TiVo is not committing, and has not committed, any act of infringement of any of the claims of the '079 patent, under any theory of infringement;

D. A declaration that the '079 patent is invalid;

E. An order that Multi-Format's conduct in commencing and pursuing this action renders this an exceptional case, entitling TiVo to costs and expenses, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285, Federal Rule of Civil Procedure 11, and/or any other applicable authority; and

F. An award of any other relief the Court deems just and reasonable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), TiVo demands a trial by jury of all of Multi-Format's claims and TiVo's counterclaims in this action so triable.

DATED: September 28, 2011

        Respectfully submitted,

        /s/ David S. Foster
        David S. Foster
           david.foster@lw.com
        Daniel A. Griswold
           daniel.griswold@lw.com
        **LATHAM & WATKINS LLP**
        233 South Wacker Drive, Suite 5800
        Chicago, IL 60606-6362
        (T) 312.876.7700

        Ron E. Shulman (*pro hac vice* pending)
           ron.shulman@lw.com
        Richard G. Frenkel (*pro hac vice* pending)
           rick.frenkel@lw.com
        **LATHAM & WATKINS LLP**
        140 Scott Drive
        Menlo Park, CA 94025-1008
        (T) 650.328.4600

        *Attorneys for TiVo Inc.*